09-3621-cv
Biosafe-One v. Hawks, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:   ROGER J. MINER,
                   GERARD E. LYNCH,
                                   *Circuit Judges*,
                   DAVID G. TRAGER,
                                   *District Judge*.[*]

-----------------------------------------------------------------

BIOSAFE-ONE, INC., doing business as
www.Biosafeone.com, CHRISTOPHER JORGENSEN,
                   *Plaintiffs-Counter-Defendants-Appellants*,

                   v.                                                            No. 09-3621-cv

ROBERT HAWKS, BRAD SKIERKOWSKI,
NEWTECHBIO, USA, also known as BRAD &
COMPANY, INC., doing business as
www.newtechbio.com, www.jumbomortgages101.com,
also known as jumbomortgages.net, BCI FUNDING
GROUP, BRAD & COMPANY, INC.,
                   *Defendants-Counter-Claimants-Appellees*,

ODETTE J. WILKENS, ESQ.,
                   *Third-Party Defendant*.[**]

_____

[*] The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:     VIVIAN M. WILLIAMS, Vivian M. Williams & Associates, New York, New York.

FOR APPELLEE:      Arthur L. Lessler, Lessler & Lessler, South River, New Jersey, on submission.

Appeal from the United States District Court for the Southern District of New York (Denny Chin, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Counter-Defendants-Appellants, Bio-Safe One, Inc., a septic and waste management products company, and Christopher Jorgensen, its founder and owner (collectively, "Plaintiffs"), filed suit against Defendants-Counter-Claimants-Appellees, Robert Hawks, Brad Skierkowski, and their associated companies (collectively, "Defendants"), alleging a host of New York state and federal causes of action, including violations of Plaintiffs' intellectual property rights, breach of fiduciary duty, breach of contract, and many more. The crux of the dispute is Plaintiffs' allegation that Defendants, after helping Jorgensen secure a residential mortgage, entered the same business as Plaintiffs, utilized Plaintiffs' financial data to steal their ideas, pursued their customers, suppliers, and advertisers, and copied their website and trademarks. The district court granted summary judgment for Defendants, and Plaintiffs now appeal.

According to Plaintiffs, Jorgensen founded Bio-Safe One in 2002 and launched its website, www.biosafeone.com, shortly thereafter. Around 2005, Jorgensen was in the market for a house and contacted Hawks and Skierkowski, who were then apparently working as mortgage brokers, for help in attaining a "jumbo mortgage" in order to

2

purchase a new home. In the course of completing the mortgage application, Jorgensen provided Hawks and Skierkowski with extensive financial documents, including two years worth of bank statements that included account numbers, withdrawal information, and payment schedules. According to Plaintiffs, the financial information provided to Defendants was to be used only for the purpose of obtaining a mortgage for Jorgenson.

In April 2007, Hawks and Skierkowski launched their own septic cleaning company, called Newtechbio, with its own website, newtechbio.com. Defendants had no prior experience in the septic cleaning business, and admitted that they decided to go into that business only after having encountered Jorgensen and learned of his business.

On June 26, 2007, Plaintiffs sued Defendants, asserting twenty-five claims primarily involving (1) infringements of Plaintiffs' intellectual property, such as copyright and trademark infringement for, *inter alia*, allegedly copying Plaintiffs' website and marks, (2) violation of federal and New York law for allegedly stealing information given to Defendants in confidence during the mortgage application to discover Plaintiffs' suppliers, customers, vendors, advertisers, and trade secrets, and (3) assorted other claims such as deceptive business practices, use of Plaintiff's name with the intent to deceive, and illegal diversion of Plaintiffs' internet traffic. Plaintiffs also moved for a preliminary injunction to shut down Defendants' website.

Following an evidentiary hearing, the district court denied Plaintiffs' motion for a preliminary injunction, finding that Plaintiffs were unlikely to succeed on the merits of any of their claims, because, *inter alia*, there was no substantial similarity between Defendants' and Plaintiffs' websites or marks, and Plaintiffs' allegations that Defendants

3

had used Plaintiffs' financial records and other information given in confidence to steal Plaintiffs' customers, vendors, suppliers and advertisers were not credible or supported by any evidence. See Biosafe-One, Inc. v. Hawks, 524 F. Supp. 2d 452, 462-67 (S.D.N.Y. 2007).

The preliminary injunction ruling was followed by contentious discovery proceedings between the parties "with disagreements at every turn." Eventually, Defendants moved for summary judgment, and both sides moved for sanctions. The court granted summary judgment to Defendants. Initially addressing the claims it had analyzed in the preliminary injunction ruling, the court found that Plaintiffs had not presented any evidence to alter its conclusion that these claims failed. The district court then turned to the remaining claims. Because the Defendants had not separately addressed most of the twenty-five causes of action in their summary judgment papers, the court "under[took] its own review of the record . . . to determine if there [was] sufficient evidence in the record from a which a reasonable jury could find for plaintiffs on any of their claims." Noting that "Plaintiffs' evidence in this case consists of little more than speculation, conclusory statements, and legal conclusions offered under the guise of 'evidence,'" the court methodically parsed each of the remaining thirteen causes of action and dismissed them for either failing to state a claim on the facts alleged or for lack of any admissible evidentiary support. The court also granted Defendants' motion for sanctions in the amount of $3,600 for Plaintiffs' failure to comply with its discovery obligations, and denied Plaintiffs' motion for sanctions.

4

In a rambling, repetitive, and largely incoherent set of briefs, Plaintiffs make, from what we can ascertain, four broad challenges to the district court's rulings. Plaintiffs argue, first, that the court erred in granting summary judgment, because there are disputed issues of fact; second, that summary judgment should not have been granted on all the causes of action because Defendants moved only for partial summary judgment; third, that the district court erred in declining to reopen discovery because Defendants did not comply with their discovery obligations; and, fourth, that the court erred in denying Plaintiffs' motion to amend the complaint. None of these arguments has merit.

We review a grant of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." Id.

While their briefs allude to several of their dismissed causes of action, Plaintiffs' only substantive argument involves the claims based on Defendants' allegedly improper use of confidential material acquired during the mortgage application to appropriate information about Plaintiffs' customers, suppliers, advertisers, and trade secrets in violation of their contractual and fiduciary duties.

Plaintiffs point to absolutely no evidence that Defendants contacted any of Plaintiffs' former or current customers or advertisers. Therefore, even if Defendants *could* have identified Plaintiffs' customers or advertisers through the information

5

submitted during the mortgage application, there is no evidence on which a reasonable jury could find that Defendants did so. Similarly, Plaintiffs have not pointed to any evidence establishing that Defendants received any trade secrets from Plaintiffs, let alone misappropriated them.

Plaintiffs have submitted evidence that Defendants contacted Plaintiffs' supplier, Novozymes. In addition, Plaintiffs note that Novozymes's name was in the bank documents provided to Defendants, so Defendants *could* have used confidential information to find out about Novozymes. However, Plaintiffs have put forward no evidence from which a reasonable jury could find that Defendants actually used the confidential information to identify Novozymes. Plaintiffs argue that a jury could infer that Defendants inappropriately discovered Novozymes from these documents because Defendants admitted they got the idea to go into this business from Plaintiffs, had not written a business plan or engaged in substantive independent research prior to entering the business, and copied some text directly from Plaintiffs' website. However, a reasonable jury could not find that it was more likely than not that Defendants identified Novozymes from Plaintiffs' confidential information based on an inference from these facts. Novozymes is one of the largest suppliers of septic tank cleaning supplies, and Plaintiffs do not dispute that it would have been easy to identify Novozymes as Plaintiffs' supplier through a quick internet search. Plaintiffs' theory is mere speculation. The district court's grant of summary judgment on the claims based on Defendants' allegedly illegal appropriation of Plaintiffs' confidential information was therefore proper.

6

The remaining claims, including the various intellectual property claims involving trademark and copyright infringement, either are not mentioned at all on appeal or are alluded to in a conclusory manner that is insufficient to preserve these issues for appeal. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). "[M]erely incorporating by reference an argument presented to the district court [or] stating an issue without advancing an argument . . . [does] not suffice [to adequately raise an issue for appellate review]." Id. Even if these arguments were not waived, Plaintiffs have given us no reason to question the district court's grant of summary judgment on these claims.[1]

Because Plaintiffs have failed to point to any evidence that would establish a genuine issue of material fact with regards to any of their numerous claims, and have failed to establish damages in any event, the district court's grant of summary judgment was correct.

Plaintiffs next argue that Defendants only moved for partial summary judgment, and that, therefore, the district court's grant of summary judgment against all their causes

[1] Plaintiffs also argue that the district court erred in relying on its preliminary injunction ruling in its summary judgment decision. While Plaintiffs are correct that the standards for granting summary judgment and for denying a preliminary injunction are different, Plaintiffs' failure to adduce any new meaningful evidence following the preliminary injunction ruling permitted the court to rely on its previous finding that Plaintiffs had failed to provide sufficient evidence to support their claims in order to find there was no genuine issue of material fact.

of action was erroneous, because it was *sua sponte* and without notice.  See Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000) ("If the district court fails to give notice before *sua sponte* granting summary judgment and the [losing] party was, as a result, procedurally prejudiced, we must reverse.").  However, although Defendants' motion papers did not specifically analyze each of Plaintiffs' causes of action, their motion was clearly directed at the entire complaint.  Defendants therefore did not move only for partial summary judgment, and the court's grant of summary judgment was not *sua sponte*.

Moreover, even if the court's grant of summary judgment had been *sua sponte*, reversal would not be required.  "District courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*."  First Financial Ins. Co. v. Allstate Interior Demolition Corp., 193 F.3d 109, 114 (2d Cir. 1999).  Any deficiency in notice does not undermine the district court's ruling if the lack of notice causes no prejudice.  See Bridgeway, 201 F.3d at 140  ("If . . . the party either cannot claim to have been surprised by the district court's action or if, notwithstanding its surprise, the party had no additional evidence to bring, it cannot plausibly argue that it was prejudiced by the lack of notice.").  Plaintiffs' failure to this day to point to any evidence in the record establishing a genuine issue of material fact shows that it was not prejudiced by any supposed lack of notice.

Plaintiffs next argue that their lack of evidentiary support derives from

8

Defendants' failure to comply with their discovery obligations. Therefore, Plaintiffs argue, the district court should have reopened discovery after it was closed and compelled Defendants to produce more evidence. However, at the hearing scheduled for the close of discovery, Plaintiffs made no claim that Defendants had not complied with their discovery obligations. While Plaintiffs did seek an extension of the discovery period, that request was based on the need to get discovery from third parties. After *Defendants* asserted that *Plaintiffs* had not complied with their discovery obligations, the district court closed discovery as scheduled. Only later, when Plaintiffs moved for sanctions and for reconsideration of the grant of summary judgment, did Plaintiffs ask the court to compel Defendants to disclose more information and to reopen discovery. However, the district court declined to do so, noting that Plaintiffs had "ma[d]e nothing more than conclusory allegations as to how defendants failed to comply with court orders."

"A trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003), quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998). The district court did not abuse its discretion in closing discovery or declining to reopen it. Because Plaintiffs failed to inform the court at the close of discovery of Defendants' alleged failure to comply with discovery, the district court appropriately ordered discovery closed as scheduled. Moreover, the district court's decision not to reopen discovery was not an abuse of

9

discretion, because, as it noted, Plaintiffs' allegations of non-compliance were vague and conclusory. Plaintiffs' broad and belated claim that Defendants had not complied with discovery demands accompanied by generic citations to, *inter alia*, its interrogatories and notices for depositions, were not sufficient to compel the court to reopen discovery.[2]

Finally, Plaintiffs argue that the district court erred in denying their motion to amend their complaint. However, while Plaintiffs state that they made such a motion and that this motion was decided at a conference, they inexplicably do not cite to any such motion or to any specific conference or other ruling deciding such a motion. Plaintiffs' only relevant record citation is to a letter included in the Joint Appendix raising the issue of amending the complaint. But the letter appears never to have been docketed, nor does any order acting on the request appear anywhere on the docket.[3] To obtain review of any district court ruling, it is a party's responsibility to make an appropriate record of any relief requested and the action of the district court, if any, on that request. Plaintiffs have entirely failed in that responsibility. Finally, as Plaintiffs did not cite any ruling on the alleged motion to amend the complaint in their Notice of Appeal, we would lack

---

[2] Similarly, to the extent Plaintiffs argue in passing that the district court erred in denying their motion for sanctions and granting Defendants' motion for sanctions, this argument is unavailing. The district court's grant of sanctions for Defendants was appropriate given Plaintiffs' failure to comply with their discovery obligations, and the denial of Plaintiffs' motion was appropriate, because, as discussed above, Plaintiffs' allegations of Defendants' failure to comply were conclusory, unspecific, and ultimately unconvincing.

[3] Indeed, the letter is only in the record as an exhibit to Plaintiffs' memorandum of law in support of their motion to reconsider.

jurisdiction over any such ruling in any event.  See Fed. R. Civ. P. 3(c)(1)(B) ("The notice of appeal must designate the judgment, order, or part thereof being appealed."); see also New Phone Co., Inc. v. City of New York, 498 F.3d 127, 131 (2d Cir. 2007) ("Our jurisdiction . . . depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[ ] of appeal.").  For all these reasons, we deem this claim abandoned.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court

11